No. 12,634.

SPIRIDONE LOYACANO VS. FREDERICK JURGENS.

An owner is responsible for personal injuries inflicted by his wagon when engaged on his business, and which are occasioned by the want of care or negligence of the driver, his employee.

The law of the road is to keep to the right, and city ordinances in New Orleans require it. But where the right or lower side of the street was not in proper condition for the safe and easy passage of vehicles and the upper side was, and it appearing that it was usual for vehicles to use the upper side whether going toward or from the river: Held—the fact that plaintiff's vehicle (going from the river) was on the left or upper side of the street at the time of the collision does not militate against his case.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*Edwin T. Merrick* for Plaintiff, Appellee.

---

*Dart & Kernan* for Defendant, Appellant.

Loyacano vs. Jurgens.

Argued and submitted May 7, 1898.
Opinion handed down May 30, 1898.

The opinion of the court was delivered by

BLANCHARD, J.  Plaintiff sues to recover three thousand and fifty dollars damages for personal injuries received.

A collision occurred between two wagons on Elysian Fields street, New Orleans, in October, 1895.

One of the wagons was owned and driven by Paul Demagio; the other belonged to defendant, was on a business errand of his, and driven by an employee in his service.

The first mentioned wagon was the smaller of the two; was carrying a load, and three persons occupied a seat at its front.  They were Demagio, the driver, sitting at the right, plaintiff sitting at the left, and a boy four years old. the son of Demagio, sitting between them. The wagon was at the time in the service of plaintiff, a fruit and oyster dealer, who had hired it to transport a load of fruit and ice to his place of business, he making the trip with the wagon.

The wagon of defendant was of the character of vehicle used by coopers for transporting barrels, having arms or hoops extending along either side of the wagon-bed and projecting over and beyond it about one foot and a half.  It was at the time of the accident empty, and the only person in it was the driver.

Elysian Fields street is a wide avenue, in the centre of which is a space called "Neutral Ground," on which are located the tracks of a railroad company.  On either side of the street is a roadway.  It may be described as a double street, or two streets divided or separated from each other by the neutral ground.

The evidence is that the down-town side of the street is rough, described as "a bad road," not in use by vehicles.  The up-town side is a fairly good roadway and is used by vehicles, whether going toward the river or in the reverse direction.  On this roadway is located the track of a street railway.

The wagon in which plaintiff was riding had approached Elysian Fields street from the lower side, coming into it from Decatur street. It traveled across the street to the upper side and reaching the street railway track got on to it and proceeded slowly in the direction of the rear of the city.

Defendant's wagon was on the same railway track going in the direction of the river or front of the city. It was moving at a more rapid pace than was the other vehicle.

The two wagons met between Decatur and Chartres streets, a collision occurred with disastrous effects to the smaller wagon, whose three occupants were thrown out, one of them (plaintiff) having his leg broken. An ambulance was called, he was conveyed to the hospital, where he remained about a week receiving surgical attention, and was then carried to his home, where he was confined to his bed for eight months under the care of physicians. He was severely injured, being still on crutches at the time of the trial of the case below, more than a year and a half after the accident. That he will ever recover entirely from its effects appears altogether improbable. He is a young man, less than thirty years of age.

There is in the case the usual conflict of testimony characteristic of damage suits. The judgment below was in favor of plaintiff for five hundred dollars. Defendant appeals, and, in this court, plaintiff prays that the amount allowed him be increased to twenty-two hundred dollars.

The weight of testimony, we think, sustains plaintiff's side of the controversy. The accident would have been avoided had the driver of defendant's empty wagon been more attentive to his duties and made a more serious effort to avert a collision.

That he felt himself blameworthy is shown by the fact that as soon as he ascertained one of the occupants of the other wagon was hurt he ran away, was pursued by Demagio, driver of the other wagon, captured and turned over to a policeman, who conveyed him under arrest to the station.

His testimony on the stand as a witness for the defence is intrinsically unworthy of belief, and is disregarded. No credence can be given to the evidence of a witness who so grossly misstates material facts and persists in such misstatement—facts shown by the testimony of other witnesses to have been misstated by him.

The driver of the wagon in which plaintiff was riding pulled to the right, as was the law of the road, on nearing the approaching wagon, and it does not appear that the charge of contributory negligence can be sustained against him. So thought the District Judge, who saw and heard the witnesses. While there was evidence to the effect that defendant's driver also attempted to turn out of

the track of the street railway, we are not satisfied that he took reasonable precaution to avoid the accident.

If the lower side of Elysian Fields street was not in proper condition for the safe and easy passage of vehicles, and the upper side was, and it appearing that it was usual for vehicles to use the upper side, whether going toward or from the river, then it can not militate against plaintiff's case that the vehicle in which he was riding was on the left or upper side of the street instead of the right or lower side.

The law of the case is, an owner is responsible for personal injuries inflicted by his wagon when engaged on his business and when occasioned by the gross negligence of the driver, his employee. Wichtrecht vs. Fasnacht, 17 An. 166; Perez vs. Railroad Company, 47 An. 1391.

The *quantum* of damages, as fixed by the lower court is, we think, too low. Plaintiff had his leg broken and his feet crushed. He suffered great pain, and lay abed for eight months, during which time his shop was closed. He had a small remunerative business when the accident occurred, the profits of which were lost as a consequence of the casualty. There is no testimony in the record touching the circumstances of defendant. It may be, however, that the trial judge had knowledge otherwise of his circumstances, and this may account for the small allowance made by him. A party's circumstances may not improperly be considered to a reasonable extent in estimating damages to be awarded in a case like this, where defendant *personally* was not at fault. It were the better practice, though, that the same be disclosed by the evidence when intended to be invoked.

Several times the amount awarded this plaintiff would not be too much for the injuries he sustained. While this is so, we hardly feel warranted, in this particular case, in increasing the allowance beyond eight hundred dollars.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended by increasing the amount thereof from five hundred dollars principal to eight hundred dollars principal, and as thus amended the same is affirmed at the cost of defendant and appellant.