251 So.2d 389 (1971)
Stanford BENOIT et al., Plaintiffs-Respondents,
v.
INTERNATIONAL HARVESTER COMPANY et al., Defendants-Relators.
No. 3635.
Court of Appeal of Louisiana, Third Circuit.
August 16, 1971.
Voorhies, Labbé, Fontenot, Leonard & McGlasson by J. Winston Fontenot, Lafayette, for defendants-relators.
Frank M. Brame, of Brame, Stewart & Bergstedt, Plauche, Sanders, Smith & Hebert by Allen L. Smith, Jr., Scofield & Bergstedt by John B. Scofield, Hall, Raggio & Farrar by Richard B. Cappel, Jones, Kimball, Patin, Harper, Tete & Wetherill by John A. Patin, Hunt, Godwin, Painter & Roddy by E. C. Hunt, Jr., Lake Charles, for defendant-respondent.
O. J. Weber, Beaumont, Tex., for respondent-plaintiff.
Raleigh Newman, McLeod & Rozas by William L. McLeod, Lake Charles, for plaintiff-respondent.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
*390 SAVOY, Judge.
We have granted certiorari to consider the novel question of whether a defendant, in pre-trial discovery, can be compelled to produce evidence of his financial status. The evidence sought to be illicited is the oral testimony of the defendant, Mack Abraham, relative to his finances, and documentary evidence of his financial ability, principally income tax returns and financial statements.
The suit arose out of an explosion of a muffler on a truck, which muffler was installed by a garage in which Mack Abraham held a stockholder's interest.
It is clear that the financial inability of a defendant to pay a judgment for which he may be cast may be considered by a court in determining the amount of an award. This special consideration lies in the fairness of justice that a defendant may not be bankrupted and left destitute upon society and the state. Urk v. Southern Farm Bureau Casualty Insurance Company, 181 So.2d 69 (La.App. 2 Cir. 1965); Ryan v. Allstate Insurance Company of Chicago, 232 La. 831, 95 So.2d 328, 330 (1957); Jackson v. Briede, 156 La. 573, 100 So. 722, 726 (1924); Daly v. Kiel, 106 La. 170, 30 So. 254, 256 (1901); Loyacano v. Jurgens, 50 La.Ann. 441, 23 So. 717, 718 (1898); Rollins v. New York Fire and Marine Underwriters, Inc., 225 So.2d 663 (La.App. 3 Cir. 1969); Monger v. McFarlain, 204 So.2d 86, 90 (La.App. 3 Cir. 1967).
Clearly, modern discovery statutes are to facilitate speedy justice principally by avoidance of delay tactics and surprise through pre-trial discovery. C.C.P. Article 1436 verbalizes that liberality in this language:
"* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *."
Notwithstanding such liberality, we are not prepared to accede to plaintiff's assertion that they may be prejudiced by a surprise defense on the part of Mack Abraham, should he decide to later introduce financial inability to pay as a defense during the course of the trial. The answer lies mainly in the lack of relevancy of the defendant's financial ability to the nature of this case. We also fail to realize what prejudice might occur from such a surprise defense.
We have found no cases which have considered this exact point. However, similar questions have been considered. In Hillman v. Penny, D.C., 29 F.R.D. 159 (1962), the court was called on to decide the issue of whether or not Federal Rule of Civil Procedure 26(b) would allow the plaintiff to delve into the financial ability of a defendant to stand in judgment, more particularly involved was the discovery of insurance coverage, whereupon the court said:
"It seems to the Court that not only is such inquiry going considerably astray from the issues of liability and damages, but that the plaintiff's interests in and reasons for acquiring this information are considerably outweighed by the defendant's right to privacy, and right to refrain from disclosing his confidential affairs * * *."
See also Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649 (1955).
Similar language was issued in Clauss v. Danker, D.C., 264 F.Supp. 246 (1967):
"The purpose of pre-trial discovery is to prepare for trial of the issues, not to uncover assets that might be applied toward satisfaction of a judgment."
We find that particularly true in this jurisdiction. In the case at bar, defendant's financial condition is not relevant to the issues of liability for negligence in the installation of the muffler. Also, after having obtained his judgment, plaintiff has an adequate remedy, for he can discover the assets of defendant by interrogating *391 him under oath. LSA-C.C.P. Art. 2451.
For the reasons assigned, the order of the trial court requiring defendant, Mack Abraham, to produce documents of his financial ability is reversed, and the case is remanded to the trial court for further proceedings not inconsistent with the views herein expressed. Costs of this proceeding are assessed to Prior Products, Inc., Respondent in Opposition to Writs.
Reversed and remanded.