LOTTINGER, Judge.
This is a possessory action. This Court on March 15, 1976, issued alternative writs of mandamus, certiorari and prohibition commanding the Trial Judge to order the defendant to answer each and every one of the interrogatories propounded by plaintiffs fully and completely both for the time period prior to April 16, 1973, (d'ate possessory suit was filed), and also for the time period after April 16, 1973, or in the alternative for the Trial Judge and the respondent, The Louisiana Land and Exploration Company (hereinafter sometimes referred to as LL&E), to show cause by brief on or before March 29, 1976, why the writ should not be made peremptory. The Trial Judge and the respondent have elected the alternative. In the event the alternative was elected, and until further orders of this Court, all proceedings against the relators in this cause in the Trial Court were stayed and suspended.
Briefly, the record points out that this possessory action has been brought by the *510 plaintiffs-relators to have their possession of certain property in Terrebonne Parish, Louisiana, recognized and maintained, and thus is a civil suit subject to the appellate and supervisory jurisdiction of this Court. Art. 5, § 10(A) La.Const. (1974).
The plaintiffs-relators propounded some 21 various interrogatories to the respondent, to which the respondent objected generally as to those interrogatories which sought to discover anything which occurred after April 16, 1973, the date of filing suit. The respondent specifically objected to Interrogatories Nos. 1, IS and 16.[1]
Hearing was held in the Trial Court as to why the respondent should not be ordered to answer all of relators’ interrogatories fully and completely both for the period prior to April 16, 1973, and for the period subsequent thereto. The Trial Judge sustained the respondent’s objections and overruled relators’ motion to compel the respondent to answer interrogatories, except that he ordered the respondent to supplement its answers to Interrogatories Nos. 15 and 16 so as to provide information for the period prior to April 16, 1973. It was from this order of the Trial Court that the relators’ applied for writs to this Court.
The relators contend that the Trial Judge was in error (1) in refusing to compel the respondent to state, in its answer to Interrogatory No. 1, whether it claimed it was in possession of the property at the time suit was filed or at any time during the year preceding the filing of suit; (2) in sustaining respondent’s objections insofar as the period subsequent to April 16, 1973, is concerned in refusing to order the defendant to answer Interrogatories 15 and 16 for that period; (3) in sustaining respondent’s objections and refusing to order the respondent to answer Interrogatories 17 and 18 [2]; and (4) in sustaining respondent’s objection and refusing to order the respondent to answer Interrogatories 19 and 20 [3].
*511 The use of interrogatories as a discovery device is governed by LSA-C.C.P. arts. 1491 and 1436.[4] It is interesting to note that Code of Civil Procedure art. 1436 in part states that “[i]t is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evi-dence.” As this Court said in Gaudet v. Lawes, 166 So.2d 337, 342 (La.App. 1st Cir. 1964),
“ * * * [I]t seems the announced purpose of the discovery statute is to insure a full and fair trial on the merits of *512 each case by affording all litigants full opportunity to obtain the true facts pertinent to each individual case. To this end discovery also sanctions the disclosure of all issues, both legal and factual, intended to be relied upon by each litigant to eliminate the element of surprise and assure that each party may be fully aware of and prepared to meet, defend and answer all issues which may be presented during the trial irrespective of whether same be related to questions of law or fact.”
Therefore, we conclude that through the use of discovery devices, all party litigants should have the availability of all facts, whether these facts be admissible at trial or not, in order to be fully prepared for the presentation of their cases so that justice can be done.
Both the Trial Judge and the respondent, LL&E, in answering the alternative writ contend that as to Interrogatory No. 1, it is up to the plaintiffs-relators to prove the requisites of LSA-C.C.P. art. 3658, and since the respondent, LL&E, only claims that the plaintiffs-relators were not in possession, there is no need for LL&E to be compelled to answer this interrogatory. This contention would perhaps be true if it was shown that any answer to Interrogatory No. 1 could be of no possible help to relators in the preparation of their case. We are, however, of the opinion that an answer, whatever it may be, which would be of some aid to relators in the preparation of their case, and could reasonably lead to the discovery of admissible evidence, is proper. This is not to say that such an answer is admissible at a trial on the merits. Admissibility is not a prerequisite for the answering of an interrogatory. LSA-C.C.P. art. 1436. If the answer to Interrogatory No. 1 aids the relators in the preparation and prosecution of their suit, it falls within the spirit and purpose of discovery procedure, and therefore the respondent, LL&E, should be compelled to answer same.
As to the other three specifications of error concérning Interrogatories Nos. 15 through 20, as to whether relators are entitled to answers which relate to the period of time subsequent to the date on which suit was filed, both the Trial Judge and LL&E refer this Court to the case of Ree Corporation v. Shaffer, 261 La. 502, 260 So.2d 307 (1972) for the proposition that the issue before the Court is whether plaintiffs in a possessory action had the type of possession required by the Code of Civil Procedure for more than a year prior to the disturbance complained of, Thusly, they argue that any activity on the part of LL&E after the date of the filing of suit is of no moment.
We believe, however, that this argument goes more to the admissibility of the evidence at a trial on the merits, rather than to the validity of the objection to the interrogatory. As we .have above noted, if an answer to an interrogatory will aid a party litigant in the preparation of his case, and will reasonably lead to the discovery of admissible evidence, it should be answered. We do not agree that it was ever intended that the strict rules of evidence be used to prohibit answers to interrogatories. Here also we believe that justice will be served by these interrogatories being answered.
Therefore, for the above and foregoing reasons, the writ issued by this Court is made peremptory. This matter is now remanded to the Trial Court for further proceedings in accordance with the views expressed herein, and all costs of this proceeding before this Court are taxed to respondent, LL&E.
BLANCHE, J., dissents and assigns reasons therefor.

. Interrogatory No. 1:
“Do you claim that you were in possession of the property which is the subject of this suit at the time this suit was filed or at anytime during the year preceeding [sic] the filing of this suit.”
Interrogatory No. 15:
“Do you at the present time hold, as lessee or as assignee of any lessee, property involved in this suit, under any oil[,] gas and mineral lease, or any other type of lease whatsoever.”
Interrogatory No. 16:
“If to the preceeding [sic] question is in the affirmative, please give: (1) name and address of each lessor from whom you and/or your assignor lease any portion of the property, (2) the name and address of each lessee who has assigned his interest or a portion thereof to you, (3) a description of the property or the portion of the property which you lease as lessee or hold as assignee of any lessee, (4) the recordation data for each such lease and/or assignment, (5) if any such leases and/or assignments are unrecorded, the name and address of the person having custody thereof, (6) the date each such lease and/or assignment began, (7) the name of each of the Plaintiffs to whom you or your assignor, if any, have paid rent or royalties under each such lease and/or assignment, and the dates and amounts of such payments.”

. Interrogatory No. 17:
“Have you at- any time in the past held, as lessee and/or assignee of any lessee, any portion of the property involved in this law suit under any type of oil [, ] gas and mineral lease or any other type of lease whatsoever.” Interrogatory No. 18:
“If your answer to the preceeding [sic] question is in the affirmative, for each such lease, the data of which is not given in your answer to Interrogatory 16 above, please give: (1) name and address of each lessor from whom you and/or your assignor lease any portion of the property, (2) the name and address of each lessee who has assigned his interest or a portion thereof to you, (3) a description of the property or the portion of the property which you lease as lessee or hold as assignee of any lessee, (4) the recordation data for each such lease and/or assignment, (5) if any such leases and/or assignments are unrecorded, the name and address of the person having custody thereof, (6) the date each such lease and/or assignment began, (7) the name of each of the Plaintiffs to whom you or your assignor, if any, have paid rent or royalties under each such lease and/or assignment, and the dates and amounts of such payments.”

. Interrogatory No. 19 :
“Have you made any payments of rental or royalties to any of the Plaintiff[s] which are *511 not described in your answer to the pre-ceeding [sic] interrogatories for or on account of any mineral lease or any type of lease whatsoever covering a portion of the property involved in this law suit.” Interrogatory No. 20:
“If the answer to the preceding question is yes, for each such lease for or on account of which you have paid rental to any of the Plaintiffs, please give: (1) the recordation data of each such lease, (2) the name of each Plaintiff to which you made a payment of rental, (3) a description of the portions of the property covered by each such lease, (4) the date of commencement and the date of termination of each such lease, (5) a full and exact description of the instrument, agreement, or arrangement by or under which you paid rental or royalties, including whether your interest was as assignee, lessee, working interest partner with a lessee, or otherwise, and give the name and adress [sic] of the person having custody of such agreement.”

. LSA-C.C.P. art. 1491 provides:
“Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may accompany the petition or be served after commencement of the action and without leave of court. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within fifteen days from service thereof unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within ten days after service of interrogatories a party may serve written objections thereto. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.
“Interrogatories may relate to any matters which can be inquired into under Article 1436, and the answers may be used to the same extent as provided in Article 1428 for the use of the deposition of a party. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the deponent or the party interrogated, may render such protective order as justice may require. The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, embarrassment, oppression, or undue expense. The provisions of Article 1452 are applicable for the protection of the party from whom answers to interrogatories are sought under this article.” LSA-C.C.P. art. 1436 provides:
“A party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. After commencement of the action the deposition may be taken without leave of court, except that leave, granted with or without notice, must be obtained if notice of the taking is served by the plaintiff within fifteen days after commencement of the action. The attendance of witnesses may be compelled by the use of subpoena as for witnesses in trials. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.
“Unless otherwise ordered by the court as provided by Article 1452 or 1454, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the demand or defense of the examining party or to the demand or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and locations of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.
“Examination and cross examination of deponents may proceed as permitted at the trial.”