353 So.2d 740 (1977)
James O. DAVIS and Roy Davis
v.
Steven MOORE and Aetna Casualty & Surety Co.
No. 8611.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1977.
Rehearings Denied January 11, 1978.
Writs Refused February 17, 1978.
Greenberg & Dallam, Nathan Greenberg, Gretna, for plaintiffs-appellants.
Adams & Reese, Edward J. Rice, Jr., Wiedemann & Fransen, Perrin C. Butler, New Orleans, for defendants-appellees.
Before LEMMON, BOUTALL and BEER, JJ.
*741 BEER, Judge.
Roy Davis[1] suffered severe injuries requiring the surgical amputation of his left leg just below the knee as a result of a collision between his motorcycle and an automobile owned and operated by Steven Moore. The accident occurred at the intersection of the Westbank Expressway and Maplewood Drive on May 15, 1972, at about 7:00 p. m. Davis was proceeding on the Westbank Expressway headed towards Westwego. Moore was attempting to cross the Westbank Expressway at Maplewood Drive heading towards the Mississippi River. The intersection was not controlled by a semaphore signal, but there were stop signs controlling traffic on Maplewood Drive. Moore had crossed the eastbound lanes of traffic on the Westbank Expressway and was stopped in the neutral ground area waiting to cross the westbound lanes. His view was obstructed by vehicles waiting in the turn lane to turn off of the Expressway onto Maplewood heading away from the river. Moore proceeded to cross the rest of the way although he was unable to see sufficiently to be sure that the way was entirely clear. The collision between the motorcycle and the automobile occurred in the righthand lane of the Expressway (closest to the river).
Moore alleged that someone in a truck with the name "Cavaretta" on it had motioned to him that it was clear or, at least, that he should proceed. As a result of this contention, Davis amended to join Cavaretta's, Inc. and its insurer, U. S. F. & G., as additional defendants. The trial court granted a motion for summary judgment in favor of Cavaretta's, Inc. and U. S. F. & G., and they were dismissed from the lawsuit.
This appeal is primarily based on the contention by Davis' able counsel that the evidence presented to the jury regarding Moore's financial inability to respond in judgment resulted in prejudicial sympathy of the jury which, in turn, caused them to conclude that contributory negligence on the part of Davis was demonstrated even though such a finding is not (counsel contends) supported by the evidence. He argues that the jury manifestly erred in finding Davis contributorily negligent; that the "inability to pay" rule is unconstitutional because it discriminates against plaintiffs injured by impecunious defendants, and, alternatively, that the rule was incorrectly applied in this case.
A jury verdict which is manifestly erroneous can be reversed. Monk v. Insurance Company of North America, 324 So.2d 880 (La.App.3rd Cir. 1975); Stoute v. Mobile Oil Corporation, 297 So.2d 276 (La. App.3rd Cir. 1974), writs denied, 300 So.2d 839; Deshotel v. Aetna Casualty & Surety Company, 269 So.2d 850 (La.App.3rd Cir. 1972), writs denied, 272 So.2d 374. If there is no showing of contributory negligence in this record and we, accordingly, determine that the jury was manifestly in error in reaching such a conclusion, then we must decide this case on those facts which the record does support. Gonzales v. Xerox Corp., 320 So.2d 163 (La.1975); Corceller v. Brooks, 347 So.2d 274 (La.App.4th Cir. 1977); Morgan v. Liberty Mutual Ins. Co., 323 So.2d 855 (La.App.4th Cir. 1975).
We are cognizant of the great weight that must be given to the jury verdict and, thus, firmly of the view that the benefit of any doubt must, perforce, be accorded that position which lets the verdict stand. With this uppermost in our minds, our primary inquiry has been directed to a consideration of this record from that standpoint. Specifically: Is there any basison this recordto support the jury's conclusion that the defendants have carried their burden of proving, inferencially, circumstantially or directly, that Davis was contributorily negligent?
We must answer in the negative. The very worst that can be gleaned from this record is that Davis was quite young to be riding his older brother's motorcyclebut *742 not below the legal age limit; that the motorcycle was large and powerfulbut apparently in satisfactory working order and familiar to Davis; that he was moving at a fairly high speed but apparently within the speed limit; and that he was wearing glasses as well as a helmet with a face protectorquite proper under the circumstances.
Able counsel for Moore and his insurer, Aetna, has acknowledged in brief and argument that Davis was traveling within the speed limit and that Moore "looked to his right but could not see Mr. Davis due to the interference of the cars and truck." Notwithstanding these acknowledgements, able counsel contends that the jury could reasonably conclude that:
"(1) The plaintiff was going too fast given the time of day (dusk);
(2) Plaintiff was too young and not experienced in the handling of such a large, powerful motorcycle;
(3) Plaintiff should have recognized that a vehicle might enter the Expressway from the intersection and then alert to that possibility but failed to do so; or
(4) Plaintiff simply did not have adequate control of the situation because of all of the above referred to propositions."
However, there is no evidence in this record supportive of these contentions none at all.
Accordingly, we are compelled to conclude that Davis was not contributorily negligent and is entitled to recover.
Turning, then, to a consideration of quantum, we first consider those contentions relative to the alleged unconstitutionality of the "inability to pay" rule and the contention that, at any event, it was incorrectly applied in this case.
In our view, these attacks are without merit. The "inability to pay" rule is a creature of jurisprudence dating back to 1898 in Loyacano v. Jurgens, 50 La.Ann. 441, 23 So. 717 (1898). Ever since, it has been repeatedly espoused by courts of this state. See 22 Am.Jur.2d Damages §§ 319 and 320. As applied by Louisiana courts, the rule allows evidence of the ability of defendant to respond in damages to be considered in determining the amount of the judgment to be awarded. The theory behind the rule was stated by the court in Cole v. Sherrill, 7 So.2d 205 (La.App.2nd Cir. 1942), cert. denied:
"It has never been considered good policy to bankrupt one to pay another even though the award granted is not in line with other cases involving the same injuries and might not fully compensate the plaintiff for the injuries he received. Fair justice between both parties must be arrived at."
When ability to pay is considered, plaintiff may only be compensated to the degree that it does not impose an undue hardship on the defendant. However, "(a)pplication of the [rule] should not be carried to extremes." Smith v. Freeman, 31 So.2d 524, 526 (La.App.2nd Cir. 1947). As was so aptly stated in Lacaze v. Horton, 100 So.2d 252 (La.App.2nd Cir. 1958):
"It must be borne in mind that this principle is not intended to completely relieve a defendant of liability for reparation of damages inflicted by his own negligence, nor should it be considered as justifying the reduction of the allowance of damages to a bare minimum. Either of these alternatives, in our opinion, would be an extreme application of the principle and would result in effecting a gross injustice toward a plaintiff, under the guise of the application of a humane consideration for the plight of an impecunious defendant." 100 So.2d at 255.
With this background, we believe that the charge given by the trial judge was proper. He instructed the jury as follows:
"In arriving at a reasonable amount of damages to be awarded to the plaintiff, you should take into consideration the ability of the defendant to pay the amount of the judgment. You have been advised of the applicable limits of the automobile insurance policy involved in *743 this litigation and you have also been told about the defendants' assets, liabilities, income and expenses. It is up to you to decide what a fair and just verdict would be."
This is a fair statement of the rule most recently reiterated by an appellate court in Domingue v. Continental Ins. Co., 348 So.2d 209 (La.App.3rd Cir. 1977).
Accordingly, we conclude that the trial court's method of handling the "inability to pay" issue was correct, and we will apply the rule in setting quantum of damages.
Reeder v. Allstate Insurance Co., 235 So.2d 111 (La.App.4th Cir. 1970), is fairly close, on its facts, to this case insofar as damages are concerned. Also close on the question of damages is Cole v. Lumbermens Mutual Casualty Company, 160 So.2d 785 (La.App.3rd Cir. 1964).
Taking everything into account, including defendant's ability to pay and the fact that there is only $5,000 of insurance coverage available, we conclude that there should be judgment in plaintiff's favor in the total amount of $40,000.00.
We find no error in the trial court's granting of the motion for summary judgment releasing Cavaretta's, Inc. and its insurer. Both Mr. and Mrs. Moore acknowledged that although someone may have motioned to them from the Cavaretta truck, neither of them placed any reliance on such motioning (if, indeed, it did take place). Thus, as a matter of law, no facts were presented or in dispute which could have formed the basis for judgment against Cavaretta's, Inc. or their insurer, and the summary judgment was properly granted.
For the foregoing reasons, the judgment of the 24th Judicial District Court is reversed, and it is now ordered, adjudged and decreed that there shall be judgment herein in favor of Roy Davis and against Aetna Casualty & Surety Company and Steven Moore, in solido, in the amount of $5,000.00, plus interest from the date of judicial demand and all taxable costs; and it is further ordered, adjudged and decreed that there shall be judgment herein in favor of Roy Davis and against Steven Moore in the amount of $35,000.00, plus interest from the date of judicial demand. Costs of this appeal are to be borne by Aetna Casualty & Surety Company.
REVERSED AND RENDERED.
LEMMON, J., concurs and assigns reasons.
BOUTALL, J., concurs and assigns reasons.
LEMMON, Judge, concurring.
The question of a defendant's ability to pay a judgment is completely irrelevant to the determination of the damages sustained by a plaintiff in a personal injury case.[1]
Just as the plaintiff should not be allowed to present evidence to the jury concerning the defendant's wealth, the defendant should not have been allowed to present evidence to the jury concerning his poverty. Neither the evidence of wealth or of poverty has any probative value in the determination of the amount of damages sustained by the plaintiff.
Therefore, I would give no consideration in making the award to any evidence of the defendant's inability to pay.
BOUTALL, Judge, concurring.
I agree with the majority opinion. I question only the continued existence of the judicially imposed rule permitting evidence of inability of defendant to respond in damages to be considered in determining the amount of the judgment to be awarded. Damages in Louisiana are compensatory for the loss suffered and there is no legitimate reason to award damages based on the wealth of the tort feasor. The rule creates an extra issue in the case increasing litigation time and effort, and causes considerable *744 confusion in its application when multiple defendants are sued. Why should the loss of this man's leg be worth less because the defendant is not wealthier than he is?

ON APPLICATION FOR REHEARING AND/OR TO AMEND DECREE
PER CURIAM.
In their application for rehearing and/or to amend decree, James O. Davis and Roy Davis call our attention to stipulations which provide that James O. Davis, father of the then minor, Roy Davis, incurred medical expenses directly resulting from the serious injuries occasioned to Roy Davis totalling $17,584.16. This is borne out both by the original record's reference to "Stipulation 1" as well as by the "Stipulation as to Medical Expenses" filed in this court. In view of our opinion regarding the liability aspects of this litigation and those stipulations, it is manifest that our decree must be amended.
Accordingly, the final paragraph of our opinion of December 13, 1977, is amended and recast as follows:
For the foregoing reasons, the judgment of the 24th Judicial District Court is reversed, and it is now ordered, adjudged and decreed that there shall be judgment herein in favor of Roy Davis and against Aetna Casualty & Surety Company and Steven Moore, in solido, in the amount of $2,500.00, plus interest from the date of judicial demand and all taxable costs; it is further ordered, adjudged and decreed that there shall be judgment herein in favor of James O. Davis and against Aetna Casualty & Surety Company and Steven Moore, in solido, in the amount of $2,500.00, plus interest from the date of judicial demand and all taxable costs; it is further ordered, adjudged and decreed that there shall be judgment herein in favor of Roy Davis and against Steven Moore in the amount of $37,500.00, plus interest from the date of judicial demand; and it is further ordered, adjudged and decreed that there shall be judgment herein in favor of James O. Davis and against Steven Moore in the amount of $15,084.16, plus interest from the date of judicial demand. All costs of this appeal are to be borne by Aetna Casualty & Surety Company.
In all other respects, the various applications for rehearing are denied.
JUDGMENT OF THIS COURT AMENDED AND RECAST; REHEARINGS DENIED.
NOTES
[1] Roy Davis was a minor at the time of this accident. Suit was filed in his behalf by his father, James O. Davis. He has since reached the age of majority and has been substituted as the plaintiff herein.
[1] The problem with admitting evidence of a defendant's ability to pay (or inability to pay) is, as is the problem with all irrelevant evidence, that the evidence may appear to prove something that it does not really prove. Such evidence reflects in no way whatsoever on the plaintiff's pain and suffering, his loss of wages, or his other compensable elements of damages.