359 So.2d 1330 (1978)
George A. WASHINGTON
v.
Isabel ANGLADE and Allstate Insurance Company et al.
No. 9240.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
*1331 Marvin C. Grodsky, New Orleans, for George A. Washington, plaintiff-appellant.
James S. Thompson, Porteous, Toledano, Hainkel, & Johnson, New Orleans, for State Farm Auto. Ins. Co., defendant-appellee.
Bradford H. Walker, Drury, Lozes & Curry, New Orleans, for Isabel Anglade and Allstate Ins. Co., defendants-appellees.
Before LEMMON, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
As a result of an automobile collision, plaintiff sued for personal injuries and damages to the extent of $461,000 and the jury awarded him a judgment of $2,000. He appeals on quantum only.
George A. Washington was driving his automobile on West Metairie Avenue at the intersection of Athania Pkwy., when it was struck on the rear side, causing his vehicle to spin around several times. As a result of the accident he contends that he suffered injuries to his shoulder, neck, low back and right knee, and he suffered the loss of two teeth. He testified that initially his shoulder gave him the most pain, but that soon resolved, and then he was confronted with the pain in his neck, back and knee. For these injuries he received treatment over the course of two years, and tells us that he still suffers pain in those areas. He also testified that he received a blow to his mouth, which loosened a number of teeth, resulting in the extraction of two of them. If his testimony is accepted as true, it is apparent that he is entitled to an award much greater than that which he received. As we see it, the issue resolves itself to a question of credibility of plaintiff Washington.
It is noteworthy that at the time of the collision, plaintiff reported both to the investigating police officer and to an independent witness who sought to aid him, that he was not injured, but merely shaken and scared. He admits this and relates that he was too dazed to realize that he was hurt, and that it was not until he got home that he discovered that his mouth was bleeding and his teeth were loosened and that his right knee was bleeding. Because his shoulder began to hurt the next day, he called his family doctor, who had been treating him for a heart problem, and was advised by that doctor to take some pain pills and call him later if necessary. He never did seek further services from that doctor. Instead, several weeks later he called an attorney who referred him to Dr. Bernard Manale, an orthopedic surgeon in the Metairie area. Despite the fact that the accident happened on October 31, 1975, plaintiffs did not see Dr. Manale until December 12, 1975.
The testimony of Dr. Manale is to the effect that although he saw plaintiff a number of times and treated him for his complaints of pain, he never found any clinical evidence, or objective symptoms, except for two small bruises on the right knee, which could be related to a trauma. Instead, the doctor found that plaintiff's spine *1332 was affected by the disease of degenerative arthritis, common for a man of this age, and could only relate the complaints of plaintiff to the collision by virtue of what plaintiff told him.
The plaintiff further testified that his injuries prevented him from working for a period of time after the accident, and interfered with his ability to effectively work as a real estate salesman thereafter, causing him the loss of at least $14,000 in income. His testimony in that respect is woefully short. It is evident that he attended work regularly, and in fact rented an automobile immediately after the collision for use in his work. On his testimony alone, we see no basis for any award for lost wages.
Plaintiff's testimony concerning his loss of teeth and restriction of physical activities, such as caused him to quit fishing and forced the sale of a boat which he owned are equally unfounded. Dependent upon credibility, it appears equally probable that he lost his teeth as a result of a gum infection rather than a trauma; and the restriction of his deep-sea fishing activities stems from the time of his heart problems.
All in all, the plaintiff's testimony presents a very exaggerated picture of his situation, and is not supported by any corroborating evidence. It is apparent that the jury must have disbelieved plaintiff's testimony and awarded him damages only for the slight injuries he received as a result of the trauma. There is ample evidence in this record to support such a finding, and we find no manifest error.
Plaintiff assigns as error the introduction of the defendant's testimony tending to establish her impecuniousness or inability to pay damages. He contends that his objection to the testimony should have been maintained because that matter was not urged as an affirmative defense. C.C.P. Article 1005. We refer to the case of Williams v. Garner, 268 So.2d 56 (La.App. 1st Cir. 1972) which considered just such an issue. We agree with the opinion of that court that inability to pay merely seeks to limit recovery because of the defendant's incapacity to pay in full the amount to which plaintiff may be entitled, it does not tend to defeat plaintiff's claim.
Additionally we note that evidence of defendant's insurance of coverage of $5,000 for liability and $5,000 for property damage, together with plaintiff's own uninsured motorist coverage of $10,000 was placed in evidence. In view of the insurance coverage, and the award made, it is apparent that that evidence could have had little effect upon the jury.
For the reasons assigned the judgment is affirmed.
AFFIRMED.
LEMMON, J., concurs with reasons.
LEMMON, Judge, concurring.
Ability or inability of a defendant to pay a judgment is completely irrelevant to the amount of damages sustained by the plaintiff, and evidence of Mrs. Anglade's poverty should have been excluded. However, the irrelevant evidence in this case was apparently not prejudicial, because the jury did not even award the amount of the insurance limits.