LEMMON, Judge.
This matter is before the court on an application for supervisory writs, filed pursuant to C.C.P. art. 2201, in which defendant seeks relief from a trial court order requiring him, in response to plaintiff’s motion for production, either (1) to produce his personal financial records or (2) to declare that he will not raise at trial the issue of his inability to pay a judgment which might be rendered against him.
Defendant cites Benoit v. International Harvester Co., 251 So.2d 389 (La.App. 3rd Cir. 1971) for the proposition that the financial status of a defendant, being irrelevant to the determination of the defendant’s liability or of the plaintiff’s damages, is not within the scope of pre-trial discovery when liability and damages are the only issues before the court.
Evidence of defendant’s financial status seems irrelevant to any issue in the present litigation. Nevertheless, introduction of such evidence by the defendant at trial has been approved in such cases as those cited in Davis v. Moore, 353 So.2d 740 (La.App. 4th Cir. 1977) and, despite protestations by intermediate appellate courts (as in the concurring opinions in the Davis case), the Supreme Court has never seen fit to overrule these decisions. Accordingly, until such cases are overruled and the inability of a defendant to pay a judgment is recognized as irrelevant in the determination of liability and damages in tort cases, information on that issue is a proper subject matter of discovery. Stated otherwise, if evidence of the issue of a defendant’s inability to pay a judgment is relevant for purposes of trial, it is relevant for purposes of discovery.[1]
Finally, pointing out that he did not institute this litigation and is an unwilling participant herein, defendant argues the order violates his constitutional right to privacy-
The determination of this contention involves a balancing of defendant’s right to privacy and plaintiff’s right to develop information which may be necessary for his proper preparation for trial. Since defendant did not plead inability to pay a judgment (and therefore will not be able to introduce such evidence at trial without being subject to the granting of a continuance based on surprise), we would be inclined to modify an unqualified order to produce financial records.[2] However, this order of *630 the trial court is not unqualified. Since defendant was given an opportunity to insure protection of his privacy by declaring that he will not raise the issue of his inability to pay at trial, the order offers present protection to both parties, and if defendant subsequently revokes his declaration (at a time that does not impede the progress of the litigation) and raises by supplemental pleadings his inability to pay a judgment, plaintiff can then renew his discovery request.
The application is denied.

APPLICATION DENIED.

. The problem with this evidence, as with most irrelevant evidence, is that it appears to bear on the proof of something on which it actually has no bearing. Whether or not a defendant will be able to pay a judgment has absolutely no probative value in the determination of the plaintiffs tort-caused damages.

. We note, however, that the Supreme Court has granted a writ of review in Cuy v. Tonglet, No. 10,834 on our docket, in which we reversed (by unpublished order) an unqualified trial court order requiring a defendant to furnish information on his financial status when that issue had not been raised in the pleadings.