379 So.2d 744 (1980)
Patricia GUY, Individually and on behalf of her minor child, Sean Chambers
v.
Robert L. TONGLET.
No. 65478.
Supreme Court of Louisiana.
January 28, 1980.
*745 Edwin R. Fleischmann, Jr., Andry & Andry, New Orleans, for defendant-respondent.
Michael R. Zsembik, Bagert, Bagert & McDonald, New Orleans, for plaintiff-applicant.
WATSON, Justice.
The issue here is whether discovery directed to the ability of a defendant to satisfy a potential judgment is permissible under Louisiana's statutory discovery procedure. The trial court ordered defendant to answer a question about what real estate he owned, and plaintiff contends that the appellate court erred in vacating the order.
The suit seeks recovery for personal injuries sustained a minor tricycle rider in an accident with an automobile. Plaintiff is Patricia Guy, mother of the child, and defendant is Robert L. Tonglet, the driver of the automobile.
On June 8, 1979, the deposition of Tonglet was taken, and counsel for plaintiff propounded a question relative to the defendant's ownership of real estate in Orleans Parish during the preceding ten years. On advice of counsel, defendant refused to answer the question on the grounds of irrelevancy. The deposition was terminated pursuant to Louisiana Code of Civil Procedure article 1444; a Motion to Compel Answers was filed by the plaintiff; and, a judgment in plaintiff's favor ordered defendant "to answer all discovery inquiries pertaining to the nature and extent of his personal assets." A writ of mandamus by the Fourth Circuit Court of Appeal directed the trial court to vacate its order. We granted writs to review the ruling of the Fourth Circuit.
The defendant contends that his financial status is irrelevant to the issues of liability or damages and is therefore not within the scope of pretrial discovery.
The scope of discovery is set forth in the Louisiana Code of Civil Procedure article 1422, which provides in pertinent part:
"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Acts 1976, No. 574 § 1."
As was stated in Ogea v. Jacobs, 344 So.2d 953, 960 (La., 1977) "[T]he test of discoverability is not the admissibility of the particular information sought, but whether the information appears reasonably calculated to lead to the discovery of admissible evidence". With discovery devices the parties should have all the facts *746 necessary to fully prepare them for trial, even if some of those facts are inadmissible at trial. Picou v. Louisiana Land and Exploration Co., 345 So.2d 509 (La.App. 1 Cir. 1976).
Under Louisiana law, a defendant can assert evidence of his impecunious condition at the time of trial. The "inability to pay" rule dates back to Loyacano v. Jurgens, 50 La.Ann. 441, 23 So. 717 (1898) and has been applied consistently by Louisiana courts ever since. The inability of the defendant to pay a judgment is a proper subject of consideration in assessing damages. Daly v. Kiel, 106 La. 170, 30 So. 254 (1901); Tarver v. U-Haul Co., Inc., 362 So.2d 1157 (La.App. 2 Cir. 1978); Davis v. Moore, 353 So.2d 740 (La.App. 4 Cir. 1977), writs denied 354 So.2d 1379, 1384. The theory behind the rule was stated in Cole v. Sherrill, 7 So.2d 205 (La.App. 2 Cir. 1942):
"It has never been considered good policy to bankrupt one to pay another even though the award granted is not in line with other cases involving the same injuries and might not fully compensate the plaintiff for the injuries he received. Fair justice between both parties must be arrived at." 7 So.2d 211.
Plaintiff contends that she is entitled to discover information to counter a defense available to defendant. Defendant's counsel states in brief that, should this information be held discoverable, he is prepared to stipulate that he will not raise as a defense, or in mitigation, either before or during trial, his poverty or inability to respond to a potential monetary judgment exceeding the coverage provided by his liability insurance policy.
The defendant relies on Benoit v. International Harvester, 251 So.2d 389 (La. App. 3 Cir. 1971). In Benoit, the defendant's financial condition was held to be irrelevant to the issue of liability for negligence and therefore not discoverable. The court relied on cases from other jurisdictions in which similar questions had been considered: Hillman v. Penny, D.C., 29 F.R.D. 159 (1962); Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649 (1955); and, Clauss v. Danker, D.L., 264 F.Supp. 246 (1967). While none of these allow discovery into defendant's financial affairs, the cases do not reveal whether evidence of a defendant's inability to pay would have been admissible as a defense or mitigating factor. Generally, courts seem to be in agreement that when punitive or exemplary damages are claimed, the defendant's financial status is discoverable since such information is relevant to the subject matter of the action. Coy v. Superior Court of Contra Costa County, 58 Cal.2d 210, 23 Cal.Rptr. 393, 373 P.2d 457 (1962); Doak v. Superior Court of County of Los Angeles, 257 Cal.App.2d 825, 65 Cal.Rptr. 193 (1968); Lewis v. Moody, 195 So.2d 260 (Fla.App. 1967); Gierman v. Toman, 77 N.J.Super. 18, 185 A.2d 241 (1962). Similarly, in Louisiana, since evidence of defendant's financial situation is admissible as a defense or in mitigation of damages, it is relevant to the issue of damages and should be subject to discovery if the defense is to be raised.
Benoit was decided prior to the 1976 enactment of Louisiana Code of Civil Procedure article 1423 which expressly allows inquiry into the amount of insurance coverage afforded a defendant. Plaintiff contends that this article has no conceivable purpose other than to allow discovery of the assets available to satisfy a potential judgment, but insurance can be distinguished from other assets. Insurance is maintained specifically for the purpose of protecting a defendant against litigation; the insurance company ordinarily defends the litigation; and disclosure of the existence of liability insurance does not involve a significant invasion of privacy. It cannot be said that article 1423 was enacted to permit discovery of all aspects of defendant's financial status.
In the recent case of Sutton v. Lafont, 376 So.2d 628 (La.App. 4 Cir. 1979) the defendant sought relief from a trial court order requiring him either to (1) produce his personal financial records, or (2) declare that he would not raise at trial the issue of his inability to pay a judgment which might be rendered against him. The court recognized *747 that, although the plaintiff had a right to develop information necessary for trial, the defendant also had a right to privacy. However, since the order in question offered the defendant an opportunity to maintain his privacy by declaring that he would not raise the issue of inability to pay at trial, both parties were protected.
We agree with the approach adopted by the Fourth Circuit in Sutton v. Lafont, supra. Should a defendant raise the issue of his inability to pay a judgment, in defense or in mitigation, he has put his financial status at issue and the plaintiff is entitled to be prepared to present evidence in opposition. His financial status is otherwise irrelevant. However, since there is no requirement that inability to pay be pleaded affirmatively, LSA-C.C.P. art. 1005; Williams v. Garner, 268 So.2d 56 (La.App. 1 Cir. 1972); Washington v. Anglade, 359 So.2d 1330 (La.App. 4 Cir. 1978), and it might be raised by defendant at trial, plaintiff is within her rights to discover information to combat a possible defense. Defendant here represents that he is prepared to stipulate that he will not raise the defense; he is entitled to do so.
Therefore, the unqualified order of the trial court must be amended to give the defendant the option of (1) declaring that he will not raise the issue of inability to pay, or (2) answering discovery inquiries pertaining to his ability to respond to a judgment.
For the reasons assigned, the judgment of the Court of Appeal is reversed and the matter is remanded to the trial court for entry of an order in accordance with this opinion.
REVERSED AND REMANDED.