388 So.2d 755 (1980)
Robert G. SUHOR, Jr.
v.
Ricky J. GUSSE et al.
No. 66518.
Supreme Court of Louisiana.
September 3, 1980.
*756 John A. Occhipinti, Occhipinti, Tamberella & Grace, New Orleans, for plaintiff-applicant.
Robert E. Barkley, Jr., Trial Atty., Linda S. A. Burke, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, Ben C. Toledano, Trial Atty., John J. Hainkel, Jr., Margaret A. Bretz, Porteous, Toledano, Hainkel & Johnson, New Orleans, William H. Syll, Jr., Trial Atty., Bernard, Cassisa, Babst & Saporito, New Orleans, for defendants-respondents.
MARCUS, Justice.
Robert G. Suhor, Jr. sustained personal injuries when the truck he was driving was struck in the rear by an automobile driven by Darlene M. Bellow (now Mrs. Darlene B. Gusse), the minor daughter of Donald Bellow. Allstate Insurance Company was the liability insurer of the Bellow vehicle and State Farm Mutual Automobile Insurance Company was Suhor's uninsured motorist insurer.
After suit was filed, issues joined,[1] and trial by jury, a verdict was returned in which the jury found in response to written interrogatories that Darlene B. Gusse negligently caused the injuries sustained by plaintiff in the accident and fixed the amount of damages at $25,000. The trial judge rendered judgment in accordance with the verdict.[2] Plaintiff appealed. The court of appeal affirmed.[3] Upon plaintiff's application, we granted certiorari to review the correctness of this decision.[4]
Plaintiff contends the trial judge erred in admitting evidence of defendants' inability to pay while preventing him from informing the jury of the limits of the various insurance policies and then instructing the jury it could consider the inability of Mr. Bellow and Mrs. Gusse to pay damages over *757 and above any insurance coverage they may have had without informing the jury of the amounts of insurance available. He argues these errors improperly influenced the jury in making its award for damages. We agree.
Under Louisiana law, a defendant can introduce evidence of his impecunious condition at the time of trial. Guy v. Tonglet, 379 So.2d 744 (La.1980). The "inability to pay" rule dates back to Williams v. McManus, 38 La.Ann. 161 (1886), and Loyacano v. Jurgens, 50 La.Ann. 441, 23 So. 717 (1898), and has been consistently applied by Louisiana courts ever since. The ability of the defendant to respond in damages is a proper subject of consideration in assessing damages. Daly v. Kiel, 106 La. 170, 30 So. 254 (1901).
Recently, in Daniels v. Conn, 382 So.2d 945 (La.1980), we considered the application of the inability to pay rule where joint tortfeasors are liable in solido. We held that where there are solvent and insolvent joint tortfeasors liable in solido, evidence of the insolvent defendant's inability to pay may not be considered by the trial court in determining damages to be awarded to the plaintiff, or in apportioning damages as between those joint tortfeasor defendants at the trial on the merits of plaintiff's claim. Accordingly, if the insurance available to Mr. Bellow and Mrs. Gusse had been in excess of plaintiff's claim, the trial judge would have erred in admitting evidence of inability to pay. In the instant case, however, plaintiff claimed damages amounting to $400,000. Defendants' available insurance was $50,000.[5] Their inability to pay more than that amount was a proper subject of consideration. Therefore, the trial judge properly permitted introduction of evidence of defendants' inability to pay.
Plaintiff argues that the trial judge erred in admitting evidence of defendants' inability to pay while not allowing him to inform the jury of the limits of the various insurance policies.
The record reveals the Allstate policy was not introduced; however, the parties stipulated into evidence outside the presence of the jury that it provided $50,000 of coverage. During trial, plaintiff objected to the introduction of evidence of Mr. Bellow's inability to pay unless the amount of his insurance also be introduced. The trial judge overruled the objection and allowed the evidence without permitting plaintiff to inform the jury of the amount of the Allstate coverage. Evidence was also admitted of Mrs. Gusse's inability to pay. Later, during the "charge conference," plaintiff again requested that the trial judge permit the jury to hear the amount of coverage under the insurance policy issued to Mr. Bellow by Allstate in order to "re[f]ute the evidence of inability to pay that the Court allowed to be presented to the jury." The trial judge denied the request.
Clearly, where evidence of defendant's inability to respond to damages is allowed for consideration in assessing damages, plaintiff is entitled to introduce evidence of defendant's insurance coverage as well as of any assets available to defendant to satisfy the judgment. See Guy v. Tonglet, supra. Hence, the trial judge erred in denying the plaintiff the opportunity to make the jury aware of the amount of the Allstate coverage.
Finally, plaintiff contends the trial judge erred in instructing the jury in accordance with State Farm Mutual's Requested Charge No. 19, which is as follows:
If you determine that plaintiff is entitled to recover damages you must determine the amount of those damages. In determining the amount of the damages you may take into consideration the ability or inability of Mr. Bellow and Mrs. Gusse to pay the amount of the damages which you award. You may consider whether they are covered by insurance *758 and their ability or inability to pay damages over and above any insurance which they may have. You may take these factors into consideration and you may reduce the amount of the damages which you would otherwise have awarded to fairly and reasonably compensate the plaintiff because of those considerations.
After the jury was charged and was retired to consider its verdict, plaintiff objected to this instruction.[6]
La.Code Civ.P. art. 1792 provides that the judge shall instruct the jurors on the law applicable to the cause submitted to them. A party may file written requests that the court instruct the jury on the law set forth in the requests. La.Code Civ.P. art. 1793. In accordance with State Farm Mutual's Requested Charge No. 19, the judge charged the jury that it could consider the inability of Mr. Bellow and Mrs. Gusse to pay damages over and above any insurance they may have had but he did not inform the jury of the amount of such insurance. The amount was in the record, having been stipulated by the parties. Moreover, as discussed above, it was relevant to the defense of inability to pay. Accordingly, the trial judge erred in instructing the jury that it could consider the inability of Mr. Bellow and Mrs. Gusse to pay damages over and above any insurance coverage they may have had without informing the jury of the amount of insurance available.
In Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), we stated that an appellate court, if it has before it a complete record of all the necessary evidence, has a constitutional duty to review the facts of a case as well as the law and to render a judgment on the merits. An appellate court, when it believes that errors committed at trial influenced the jury verdict, must undertake an independent evaluation of the facts and adjudicate the controversy before it. Temple v. Liberty Mutual Ins. Co., 330 So.2d 891 (La.1976); Gonzales v. Xerox Corporation, supra.
In the instant case, the trial judge erred in excluding from the jury evidence of insurance coverage available to the defendants while allowing evidence of their inability to pay and in charging the jury that it could consider the inability of defendants to pay damages over the insurance available and reduce the damages accordingly without informing it of the amount of insurance available, an amount in the record. We believe these errors influenced the jury verdict. Therefore, we must set it aside. However, in the instant case this court need not undertake the Gonzales independent evaluation of the facts and assess damages, as the court of appeal has not yet done so. On original hearing, the court of appeal reviewed the damage award under the "much discretion" standard of Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976). On rehearing, it affirmed because there was no majority to change the trial court's judgment. It is not clear under what standard the damage award was reviewed on rehearing, but it is clear that the majority of the court did not undertake an independent evaluation. We therefore consider it more appropriate to remand the case to that court for it to conduct an independent evaluation of the damages due plaintiff.

*759 DECREE
The judgment of the court of appeal is reversed and set aside insofar as it affirmed the trial court's award of damages and the case is remanded to the court of appeal for an independent evaluation of the damages due plaintiff; otherwise, the judgment of the court of appeal is affirmed.
LEMMON, J., concurs in the decree only and will assign reasons. [The concurring opinion will be separately published.]
CALOGERO, J., concurs in part, dissents in part and assigns reasons.
DIXON, C. J., dissents in part and concurs in part with reasons.
CALOGERO, J., concurs in part and dissents in part for the reasons assigned by Justice Lemmon.
DIXON, Chief Justice.
I dissent in part and concur in part, being of the opinion that the ability of defendant to pay compensatory damages is not relevant.
NOTES
[1] Ricky J. Gusse's exceptions of no cause or right of action in the main and third party demands against him were sustained and he was dismissed from the suit prior to trial.
[2] Judgment was rendered in favor of plaintiff and against Donald Bellow, individually and as administrator of the estate of Darlene M. Bellow, and Allstate, in solido, for $25,000 together with interest and costs. It was further ordered that State Farm Fire and Casualty Company be given preference in the judgment for $12,539.06 previously paid plaintiff as worker's compensation and that plaintiff's claim against State Farm Mutual, State Farm Mutual's third party demand, and State Farm Fire and Casualty Company's intervention against State Farm Mutual be dismissed.
[3] 377 So.2d 1259 (La.App. 4th Cir. 1979) (on rehearing). On rehearing before a panel of five judges, the judgment of the trial court was affirmed for lack of a majority to change it.
[4] 380 So.2d 69 (La.1980).
[5] Although insurance was available to plaintiff under the uninsured motorist provisions of the State Farm Mutual policies, such insurance was not available to Mr. Bellow and Mrs. Gusse because the uninsured motorist insurer, if cast in judgment, would be entitled to indemnity from them.
[6] La.Code Civ.P. art. 1793 provides in pertinent part:

A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.
In the instant case, while plaintiff did not object to the instruction before the jury retired, the record reflects that at the "charge conference" prior to instructing the jury, plaintiff's request to permit the jury to hear the amount of the Allstate policy in order to refute the evidence of inability to pay, which the court allowed to be presented to the jury over plaintiff's objection, was denied. Moreover, immediately after the jury was charged and retired to consider its verdict, each party made its objections to the giving or failure to give certain instructions. This was done without objection by any party. Accordingly, under the circumstances, any complaint that plaintiff "may not assign as error" the giving of the above instruction has been waived and the assigned error is properly before us for review.