*1363 ON REHEARING'
PER CURIAM.
Plaintiff has requested a rehearing en banc asserting that the holding in. this ease on the issue of loss of earning capacity is in “direct conflict” with our holding on that issue in Henry v. National Union Fire Insurance Company, 542 So.2d 102 (La. App. 1st Cir.), writ denied, 544 So.2d 405 (La.1989).
In Henry, 542 So.2d at 107 this court held that “[T]he trial court erred as a matter of law by ruling that loss of earning capacity was not a compensable element of damages.” (Emphasis added) Because the record was complete, we proceeded to fix a de novo quantum award. Suhor v. Gusse, 388 So.2d 755 (La.1980). The testimony of a vocational rehabilitation counselor and Mrs. Henry’s doctor established as a fact by a preponderance of the evidence that Mrs. Henry’s cervical injury caused her to lose the capacity to become a head nurse or a supervisor of nursing, and, thus, caused a loss of earning capacity. We exercised our discretion and fixed a de novo quantum award of $100,000 for this loss of earning capacity.
In the instant case the trial court did not err as a matter of law by ruling that loss of earning capacity was not a compensable element of damages. Instead, the trial court found as a fact that Mr. Hobgood failed to show “by a preponderance of the evidence any causal connection between Mr. Hobgood’s disability and loss of income.” We reviewed this factual finding under the standard of review set forth in Arceneaux v. Dominque, 365 So.2d 1330 (La.1978) and determined that “[T]he trial court was not clearly wrong in finding as a fact that Hobgood failed to prove that he will sustain any diminution of earning capacity.” The instant case is not in conflict with Henry and Mr. Hobgood is not entitled to a rehearing en banc.