FRUGÉ, Judge.
This is an action for damages for personal injuries resulting from an altercation in which plaintiff’s son was involved. Suit was originally brought by the father individually and on behalf of his minor child. The petition was amended to join the child as a party upon his attainment of the age of majority. Judgment was rendered in favor of plaintiffs and against defendant. Defendant has perfected a suspensive appeal, and plaintiffs have answered seeking to increase amount of damages awarded. We affirm.
Plaintiff, Robert Ray Broussard, was standing outside of Nick’s Place in the City *217 of Lafayette, at approximately 11:00 P.M. on April 2, 1971. Nick’s Place is near the University of Southwestern Louisiana campus. Business establishments in the area provide entertainment for college students. Defendant, Guilbeaux, is the owner of business establishments in the vicinity known as The Keg, The Pool Pub, and The French Quarter.
While Broussard was standing outside of Nick’s Place with a group of young people, a green Volkswagon, in which Kenneth “Tiny” Elliott and another individual known only as “Possum” were riding, drove by. Apparently, the vehicle either struck or was struck by one of the persons in the vicinity. “Tiny” exited the vehicle to ascertain what had happened. Immediately a fight ensued between “Tiny” and A1 Bergeron, who was among the group near Nick’s. “Possum” also exited the car and attempted to approach the area where the fight was taking place. He immediately was forceably restrained by a number of individuals.
While the melee ensued, a girl approached defendant who was standing in the parking lot of The Keg some 150 to 200 feet distant. She requested his assistance. When Guilbeaux arrived he observed “Tiny” and “Possum” leaning against the car in the street, each had been beaten. At this time City Police had been called pursuant to defendant’s instructions. “Tiny” informed defendant that he did not know who attacked him, but that Brous-sard knew the names of those involved. Plaintiff was never physically involved in the fight.
Defendant claims he requested Mr. Broussard to furnish the names of those who had participated in the fight. In order to do this, he suggested they find some place private to talk. The place defendant chose was the office of The Pool Pub, which he owned. The plaintiff, however, states that Guilbeaux forceably required him to enter The Pool Pub by grabbing him around the neck. This was confirmed by Reed Castille, who observed defendant outside The Pool Pub forceably grab plaintiff and drag him inside by the shirt and the neck.
Once inside the building, plaintiff was directed to the office. The door was closed leaving he and defendant alone. When plaintiff refused to disclose the names of those involved, Guilbeaux slapped him and he fell against the filing cabinet. He was struck again by Guilbeaux and fell to the floor. As he lay there, he was kicked in the left side of the lower rib cage and again from the rear in the scrotal area. Plaintiff stated that A1 Bergeron had been involved in the fight, but that he knew no other names. After cleaning up his own blood, plaintiff returned to a friend’s home and remained there for the night to avoid telling his father.
The appellant assigns as error the failure of the trial court to find sufficient provocation justifying the battery. The trial court found the evidence preponderated in favor of the plaintiff. In this conclusion we cannot say that the trial judge manifestly erred. Guilbeaux admits he slapped Broussard, although he denie'd that he beat or kicked him. Guilbeaux stated that he merely requested Broussard to accompany him to the office in the rear of The Pool Pub, but Broussard testified Guilbeaux dragged him. Guilbeaux’s own employee, Allen Abboud, remembered Guil-beaux holding Broussard by the arm in an escorting fashion. An independent witness, Reed Castille, testified he saw Guil-beaux grab young Broussard around the neck and by the shirt and drag him into The Pool Pub.
The following day plaintiff was examined by Dr. Donald "B. Williams who diagnosed his injuries as contusion of the nose, neck strain, contusion of the upper right abdomen, slight laceration of the lower lip, and contusion of the left scrotal region. He stated the plaintiff was in a certain amount of pain and discomfort.
On January 20, 1972, Dr. Harry Smith, Jr., a dentist examined plaintiff. X-rays *218 revealed fractures of the upper right six-year molar and the upper left lateral incisor, and also some periapical infection of the upper right lateral incisor. Clinical examination revealed the fracture of the upper removeable bridge containing two central incisors. Dr. Williams testified that a blow to the mouth could cause tooth injuries which would manifest themselves several months later.
These injuries are consistent with the plaintiff’s version of the incident. The trial court had ample evidence to conclude as he did. Guilbeaux struck the plaintiff in order to obtain information and not out of provocation.
The appellant relies upon the so-called “aggressor” doctrine, which is said to excuse a battery committed without legal cause where the plaintiff provoked the difficulty which caused his injury. Although appellant admits that the Supreme Court in the case of Morneau v. American Oil Company, 272 So.2d 313 (La.1973) held that mere words, even though designed to excite or irritate, cannot excuse a battery, it is submitted by appellant that the case did not completely overrule the “aggressor” doctrine. Since we find no manifest error in the trial judge’s conclusion that the battery was unprovoked, we express no opinion with regard to whether the “aggressor” doctrine still exists in any form.
The second error complained of by the appellant is that assuming insufficient, provocation to justify the assault, the lower court failed to consider provocation in mitigation of the damages. The appellant argues that young Broussard provoked his actions in the closed office while they were alone by using foul language reflecting upon his parentage. Broussard testified he did not curse defendant. The trial judge believed young Broussard, and we find no manifest error in this conclusion.
Lastly, the appellant submits that the trial judge erred in failing to mitigate the damages on the grounds defendant acted in defense of third persons and in defense of his property. Although it is not clear, this argument appears to be the nature of a qualified privilege asserted in behalf of the defendant.
We find the evidence does not support the contention of defendant that he acted in defense of third persons or property. Defendant admitted that he did not feel threatened by young Broussard, and he was not, therefore, acting in self-defense. The fight which involved defendant’s employee had already ended by the time defendant arrived. Therefore, there was no danger to anyone at that time. The fight had occurred in the street and caused no danger to property. Defendant claims he acted to protect his business interests in the area by attempting to find out who was responsible for the fight. There is no privilege which allows individuals to force-ably extract information from other persons. We find this argument has no merit.
We assume that the defendant in asserting the trial judge erred in failing to consider provocation or privilege in mitigation of damages is also asserting that the damages were excessive. The appellees by way of answer ask that we increase the award of damages contending they are inadequate. We find no abuse of the trial court’s discretion in the award of damages. We are guided by the principle that the trial court has much discretion in the award of damages. The trial court awarded $2,500 for pain and suffering of the plaintiff for injuries diagnosed as contusion of the nose, contusion of the upper abdomen, laceration of the lip, contusion of the scrotum, two fractured teeth, a damaged bridge and $500 damages for humiliation and embarrassment. The trial court also awarded special damages proven by the plaintiff. These amounts are neither excessive or inadequate.
For the reasons assigned, the judgment of the trial court is hereby affirmed at appellant’s cost.
Affirmed.