BOLIN, Judge.
Robert O. Carter brought suit to recover for personal injuries and related medical expenses resulting from a two-car collision occurring at the intersection of North Market Street and North Common Street in Shreveport, Louisiana. Made defendants were Henry Clay Strother, his two sons, Steven Strother and John Berry Strother, and Aetna Casualty & Surety Company, insurer of the Strother vehicle. For written reasons judgment was rendered in favor of Carter and against Henry Strother, John Strother and Aetna, in solido, for the policy limits of $5,000, and against Henry Strother and John Strother, in solido, for the additional amount of $7,500. All parties appeal. We affirm the judgment of the trial court.
The accident occurred at 6:15 p. m. on July 2, 1972. Carter was driving a 1969 Chevrolet west on North Common and had entered the intersection on a green light, when his automobile was struck broadside *674 by a 1971 Ford Pinto which was traveling in a northbound lane of North Market at a high rate of speed. The Pinto was occupied by John and Steven Strother and Rex Voss, a passenger on the rear seat. The impact threw Carter approximately 60 feet onto the median of North Market. Carter and the three occupants of the Pinto were rendered unconscious by the collision.
James Fred Webb, who was traveling north on North Market Street in the same direction as the Strother automobile, was an eye witness to the accident. He testified he had stopped his automobile for the red light and saw the Pinto approaching in his rear view mirror; that he knew the light was red and heard the engine of the Pinto “rev” up; that he knew it could not stop at the speed it was going and saw the Pinto strike the Carter Chevrolet broadside; that he knew the Pinto was in the right-hand lane, there being two lanes for traffic moving north on North Market, and that it was going at a high rate of speed. This testimony of Webb is not contradicted and shows that the Carter Chevrolet did not enter the intersection immediately after the light changed for traffic moving from east to west on North Common.
Since all of the occupants of both vehicles were knocked unconscious in the accident none could remember any of the details surrounding the collision. The Strother brothers, who occupied the front seat of the Pinto, testified they had purchased a case of beer about noon; that they drove to Ruston and back and could not remember where they drank the beer but it was during the trip to and from Ruston; that neither of them could remember how much beer they drank. Voss was not called to testify.
The persons who arrived on the scene shortly after the accident testified they observed many empty beer cans on the front and back seat of the Pinto; that the Strother boys and Voss had to be removed from the car and they were “jumbled” in the car from the impact which demolished ‘the Pinto.
On appeal defendants contend plaintiff has failed to prove an essential element of his case, i. e. who was driving the Pinto. Throughout the trial John Berry Strother testified he was the owner of the Pinto, although the title certificate to the car was in the name of Steven Strother. At the time of the accident John Berry Strother was a minor residing with his father, who, under La.C.C. Art. 2318, is responsible for damage occasioned by his minor son. The policy of insurance covering the Pinto, issued June 26, 1972, to Henry Strother, named John Berry Strother as an insured and as the person having 100% use of the automobile. During the trial John testified, without objection, that he had been charged with DWI in connection with the accident and was fined $318.00 and given a suspended sentence of forty-five days. He did not testify at the trial of that proceeding. From our review of the record we find no error in the trial judge’s conclusion that John Berry Strother was the owner and driver of the Pinto at the time of the collision.
The remaining issues before this court are: (1) whose fault caused or contributed to the accident; (2) the correctness of the amount of damages awarded.
The eye witness testimony of Webb, as well as the other evidence, convinces us, as it did the trial judge, that the sole and proximate cause of the accident was the gross negligence of the driver of the Pinto in traveling at a high rate of speed through a red light into the intersection and striking the Chevrolet owned and being driven by plaintiff Carter.
Defendants, in their appeal, have requested this court to reduce the award, and Carter has appealed, asking the court to increase the award in view of his proven medical expenses amounting to $4,447.-63, the serious nature of his injuries and the residual injuries from which he has not *675 yet fully recovered. Carter was hospitalized suffering from a concussion, multiple fractures and internal injuries and remained unconscious for approximately two weeks. He was treated in the intensive care unit for about two weeks and remained hospitalized for 29 days. He later required rehospitalization for one week. He was released to return to his duties as a city police officer on December 17, 1972. He continues to limp from the injuries to the hip area and suffers from loss of his sense of smell and a ringing sensation in his ears. Apparently Carter suffered greatly from his injuries, and his expenses as a result thereof have been enormous, but the policy of co-defendant, Aetna Casualty & Surety Company, only provides coverage of $5,000 for each individual.
Evidence introduced by the Strothers relative to their financial ability to pay reflects that John Berry Strother is married, has a small child, and is employed at an hourly wage of $3.79, normally working 40 hours a week. His only asset is a Gremlin automobile valued at approximately $2,200.-00, but the balance due on the purchase price is greater than this and he lists other debts which are past due. His father’s net worth is approximately $4,300.00, including his equity in his home, and he earns approximately $865.00 per month, prior to deductions, and receives a disability pension of $186.00 per month. The trial judge concluded that due to their lack of assets and income, John Berry Strother and his father, Henry Clay Strother, are unable to satisfy a judgment even near the amount to which plaintiff is entitled. In view of this, the lower court awarded the sum of $12,500.
There is ample authority for holding that evidence of defendant’s ability to respond in damages is an element to be considered by the trial judge in mitigating an award. As stated in Williams v. Garner, 268 So.2d 56 (La.App. 1st Cir. 1972):
“The foregoing rule is based on the equitable principle that courts will not grant vain and useless relief or render a judgment incapable of execution ...”
Also see cases cited in Williams, and cf. Winzer v. Lewis, 251 So.2d 650, La.App. (writ refused Oct. 28, 1971, 259 La. 934, 253 So.2d 379).
We have examined the financial statements of the Strothers and the reasoning of the trial judge and conclude that no abuse of discretion has been shown in his judgment. Accordingly, the judgment appealed from is affirmed at defendant’s costs.