BAILES, Judge Pro Tem.
This tort action brought by plaintiff-ap-pellee against Rudolph Landry, his son, R. J. Landry, Jr., and Jack Chandler results from an altercation between the plaintiff and defendants on New Year’s Eve night, 1972. Jack Chandler and R. J. Landry, Jr., were visitors in the Randolph Landry household on the occasion of the difficulty.
The plaintiff and Rudolph Landry lived on the same side of the street. There were two residences located between their homes. On the night of December 31, 1972, plaintiff’s daughter was babysitting at the Breeden residence located next door to plaintiff’s home. A New Year’s party was in progress at the Landry home, and at approximately midnight some of the Landry guests, including defendant, Jack Chandler, began shooting firecrackers in close proximity to the Breeden residence.
The shooting of the firecrackers disturbed and alarmed the small children with whom young Miss Mary Territo, then thirteen years of age, was sitting. The situation had an upsetting effect on the children which caused Mary to call her mother for advice. The unabated firecracker shooting caused Mary to call her mother a second time. She was advised by her mother to bring the children to her home. Prior to leaving the Breeden home, Mary Territo had seen Jack Chandler and two unidentified persons shooting firecrackers on the carport of the Breeden home and near the Breeden automobile.
As Mary Territo left the Breeden residence with the Breeden children she saw her father approach these young men and heard him ask Jack Chandler to please not shoot firecrackers in the vicinity of the Breeden residence, whereupon Chandler became outraged. The plaintiff retreated to the area of his own yard as the discussion between them became more inflamed with anger.
It appears from the record, although there is considerable conflict in the testimony, that Chandler struck the plaintiff and in retaliation plaintiff knocked Chandler to the ground. Immediately a group of the Landry guests, including defendant, R. J. Landry, Jr., which numbered about ten, descended upon the plaintiff’s yard and the fight continued until the plaintiff was knocked down and to some extent trampled by the host of aggressors.
From the record, it appears beyond dispute that defendant, Jack Chandler, and some of his friends created a disturbance *311 in the vicinity of the Breeden home where plaintiff’s daughter was babysitting; that plaintiff asked them to stop; that a fight erupted on the plaintiffs premises participated in by two of the defendants and a number of their unnamed guests; that plaintiff was struck and either was knocked or fell to the ground where he received further battery at the hands of his assailants; and that he was injured in the melee.
It is the defendants’ contention that the fight did not occur because of the shooting of firecrackers but because plaintiff made a disparaging remark about Mr. Rudolph Landry’s daughter, Stephaine, who at this time was the girl friend of Jack Chandler. Mr. Rudolph Landry’s position also is that when he arrived on the scene at the plaintiff’s front gate he asked the plaintiff what was wrong and that thereupon the plaintiff struck him in the face.
The trial court, without assigning written reasons, found the defendants had provoked the attack and were liable for the resulting injuries and damages to plaintiff. Judgment was rendered in favor of plaintiff and against all defendants, jointly and in solido, in the amount of $5,609.35, together with legal interest thereon from date of judicial demand until paid and for all court costs.
Our review of the case convinces us that the record fully supports the judgment of the trial court as to defendants, Jack Chandler and R. J. Landry, Jr. We reverse as to Rudolph Landry.
Defendants, Jack Chandler and R. J. Landry, Jr., do not seriously contest liability herein. Their argument is principally directed to what they contend is an excessive award and that the trial court did not take into consideration their lack of means or impecunious circumstances.
The argument of Rudolph Landry includes the above argument. Additionally, he argues that there is no proof of his participation in the altercation and that the plaintiff was the aggressor, he having struck defendant, Rudolph Landry, first.
We find that the defendant, Rudolph Landry, did not strike plaintiff prior to having been struck by plaintiff. The evidence shows that some physical encounter had been and was in progress 'between plaintiff and the other two defendants. When Rudolph Landry came from his residence to the plaintiff’s front gate, he asked the plaintiff: “Louis, what’s going on?” Apparently, the plaintiff, under the stress of the situation took this inquiry as a hostile act.
There is no proof that Rudolph Landry, prior to his appearance at the plaintiff’s gate in the group, had taken any part in the melee, nor is there any proof of a joint effort between the defendants or of a conspiracy to commit battery on plaintiff. His first confrontation with plaintiff was at the time of the query alluded to above. We are constrained to hold that as to defendant, Rudolph Landry, the plaintiff was the aggressor.
The most recent case on the subject decided by our Supreme Court makes this holding obligatory. In Morneau v. American Oil Company, 272 So.2d 313 (1973), the court held:
“[1] We conclude that the courts below erred in considering mere words as justification for a battery. The rule of law earlier adopted and followed by our court has even more merit today. The deviations in the holdings of the Courts of Appeal not only are contrary to those pronouncements but are contrary to the majority rule in this country. Moreover, they run contrary to our system of justice under law which commands the use of judicial process rather than force for the settling of disputes. We reiterate the holding of Richardson v. Zuntz, [26 La.Ann. 313], supra, that mere words, even though designed to excite or irritate, cannot excuse a battery.”
Also see Squyres v. Phillips, 285 Sb.2d 337 (La.App. 3rd Cir. 1973); Caldwell v. *312 Nance, 291 So.2d 461 (La.App. 2nd Cir. 1974); and Broussard v. Guilbeaux, 295 So.2d 216 (La.App. 3rd Cir. 1974).
It follows, therefore, that judgment against defendant, Rudolph Landry, must be reversed and this action dismissed as to him.
As to the defendants’ argument that the award for general damages of $5000 was excessive, we find no basis for disturbing the trial court award. In the altercation the plaintiff received a fracture of the proximal phalanx of the left small finger, a small laceration on his face and a contused rib cage. The treating physician testified that plaintiff has a crippled small finger which is more of a hazard than a disability. He is expected to have difficulty in the use of his left hand in his work as an automobile mechanic. An operation could be performed which might result in some alleviation of his difficulty, however, a favorable result is not certain. Plaintiff was disabled for three weeks, and if a ten-dolysis is performed, plaintiff could expect an additional period of disability of four to six weeks.
We find no abuse of discretion in the award of the trial court. Also we have considered defendants’ argument that the award of damages does not take into consideration the impecunious circumstances of the defendants. Courts may take into consideration the lack of means of a tort-feasor in assessing damages, as held in Adams v. Ross, 300 So.2d 192 (La.App. 1st Cir. 1974) and the cases cited therein. Considering that there are two joint tort-feasor defendants and the seriousness and the probable permanency of the condition created by the injury to plaintiff’s hand, we find no basis for a reduction of the award. The defendants do not question the award of special damages of $609.35.
For the foregoing reasons, the judgment appealed is reversed and this action dismissed as to defendant, Rudolph Landry. In all other respects, the judgment appealed is affirmed. All court costs are assessed against the defendants cast herein.
Reversed in part, affirmed in part, and rendered.