357 So.2d 1358 (1978)
Patte Weathers MARINES
v.
Henry W. HINRICHS.
No. 8942.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1978.
Rehearing Denied May 10, 1978.
Writ Refused June 30, 1978.
Band & Hopkins, David Band, Jr., New Orleans, for Patte Weathers Marines, plaintiff-appellant.
William M. Detweiler, New Orleans, for Henry W. Hinrichs, defendant-appellant.
Porteous, Toledano, Hainkel & Johnson, Ben C. Toledano, New Orleans, for State Farm Fire and Cas. Co., defendant-appellee.
Before GULOTTA, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
Plaintiff, Patte Weathers Marines, has appealed [1] a judgment (1) adopting a jury verdict which awarded her $15,000 against defendant, Henry W. Hinrichs, for damages she suffered after he shot her through the face and (2) dismissing her suit against defendant, State Farm Fire and Casualty Company, Hinrichs' insurer. Her appeal seeks reversal of that part of the judgment *1359 dismissing the insurer on a finding the shooting was intentional and not accidental. She also seeks an increase in the quantum of damages.
It is not disputed plaintiff was shot by defendant at approximately 2:30 a. m. on October 7, 1972 in plaintiff's apartment. What is at issue is whether Hinrichs deliberately shot her.
Appellant contends the jury's finding of intentional shooting is a result of prejudicial conduct during the course of the trial, namely a reading of allegations in plaintiff's original petition asserting the shooting was intentional. Because the entire sections now complained of were read at counsel for plaintiff's insistence, appellant may not now challenge this act as prejudicial.
However, we note in passing that by the time Hinrichs concluded his testimony it would have been difficult for anything to prejudice the result at which the jury arrived. His convenient amnesia and conflicting statements of the incident were totally contradicted by the physical evidence. This logically would lead the jury to conclude that Hinrichs intentionally shot the plaintiff.
According to plaintiff, she remembers little of what happened other than realizing after its occurrence she had been shot. She did recall defendant appearing at about 2:30 a. m. in a less than sober state. She made coffee and defendant (with whom she was concluding an 11-year affair) began to question her about her date with another man earlier that evening. She expressed her disinclination to argue and suggested defendant leave (in more explicit and less quotable vernacular). She placed her hand on the doorknob and suddenly she was shot.
Powder burns on her left cheek indicate she was shot at close range. The trajectory of the bullet (it passed on a straight line between the point of entry on the left cheek and the tissue against which it lodged in the right cheek) indicates it was fired at a level even with plaintiff's face.
The physical facts establish defendant's version of the incident as impossible. Hinrichs testified that after his arrival at plaintiff's apartment, he made himself comfortable by emptying his pockets, placing the contents on a coffee table and taking off his shoes. When the argument started, he said, he was seated on the sofa, and when plaintiff requested him to leave, he got up to do so. As he was either placing the gun and other belongings in his pocket with his left hand (the gun barrel was pointed toward the floor) or hobbling around trying to get his shoe on, or both, he accidently discharged the gun. Noteworthy here is the fact that he held it in his left hand, he is righthanded and the gun had to be cocked before it could be fired. With this quality of testimony, which in itself did not remain consistent throughout, and considering defendant pleaded to loss of memory every time questions were asked that would have shed light on the intentional or accidental issue, it is no wonder the jury found as a fact that shooting was intentional.
Appellant cites Denies v. First National Life Insurance Company, 144 So.2d 570 (La.App. 4th Cir. 1962), for the proposition that an insurer who rests his case on a defense of excepted risks [2] must prove the facts that will relieve it from liability. We agree with this proposition of law but we cannot accept plaintiff's contention that the defendant insurer failed to meet this burden.
We view the issue as one of credibility which the jury resolved against Patte Marines. It is possible she may not have remembered the shooting as she stated, but it is equally possible that her memory loss was motivated by her desire to reach a more solvent defendant. The jury resolved these conflicting probabilities against her. The jurors also had the opportunity to view defendant as he testified and we would be *1360 amazed if they reached any other conclusion on his scienter than they did. They resolved the issue of intent favorably to the insurer. We will not disturb that finding. Accordingly we affirm the dismissal of State Farm as a defendant.
We next consider quantum. Unquestionably a $15,000 judgment is extremely low considering the plaintiff's pain and suffering, her residual problems, and the prognosis for future deterioration of her condition. Briefly, the bullet lodged in her right cheek and could not be removed. As a result the scar tissue that formed internally affected her bite to the extent that she has suffered severe pain, has lost 25% of normal ability to open her jaw, she had a partial loss of hearing for five months, she has suffered sinus problems, many of her lower teeth had to be extracted and the prognosis is that she will lose all her lower teeth. In her dentist's opinion, there is a good possibility she will not be able to wear a lower denture plate because she does not have a sufficient ridge to hold it. Her medical expenses to date of the trial exceeded $4,000 and her future medical is estimated as high as $3,000.
However, defendant's wife Artimese Hinrichs testified of their financially depleted status. They have eight children and their home is encumbered with three mortgages. The record leaves no doubt that Hinrichs' finances are borderline solvent and the jury's concern with the problem is obvious by the fact they asked whether the verdict was payable in one lump sum or was it to be "scheduled out in a period of time." The defendant's ability to pay may properly be considered in mitigating damages. Carter v. Strother, 312 So.2d 672 (La.App. 2d Cir. 1975); and Williams v. Garner,[3] 268 So.2d 56 (La.App. 1st Cir. 1972).
Therefore, we affirm the quantum awarded plaintiff in the trial court solely because the record establishes defendant's ability to respond in damages is extremely limited.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] Hinrichs also appealed but it was dismissed because it was not perfected timely.
[2] One of the exclusions to the personal liability coverage under the policy is: "(f) to bodily injury or property damage which is either expected or intended from the standpoint of the insured * * *."
[3] "* * * The foregoing rule is based on the equitable principle that courts will not grant vain and useless relief or render a judgment incapable of execution. We are aware of no requirement that inability to pay be specially pleaded as a defense." 268 So.2d at 61.