EDWARDS, Judge.
Defendants, Betty Shipe Dupre and Cavalier Insurance Corporation, appeal an adverse judgment of the trial court which awarded damages against them in the total amount of $52,105.[1]
This suit was instituted by plaintiff, Jack J. LeBoeuf, to recover damages for personal injuries sustained when a pickup truck, in which he was a passenger, was rear-ended by a car driven by Dupre. Named as defendants were Betty Shipe Dupre; Cavalier Insurance Corporation, the insurer of the vehicle driven by Dupre; Maryland Casualty Company, the UM insurer of the pick-up truck; and Aetna Life and Casualty Insurance Company, plaintiff’s UM carrier. Various third-party demands were filed, including separate demands by Maryland and Aetna against Dupre and Cavalier, seeking indemnity for any sum paid under their UM coverages.
Maryland also filed a petition of intervention as the workmen’s compensation insurer of plaintiff's employer to recover the compensation and medical benefits paid to plaintiff.
Thereafter, plaintiff compromised his claims against the UM carriers, Aetna and Maryland, for the sums of $10,000 and $50,-000, respectively.
Evidence at trial established Dupre’s negligence and the serious disabling back injury suffered by plaintiff. At the close of the testimony at trial, the trial judge stated that he would grant judgment in favor of plaintiff and his subrogees, Aetna and Maryland, but that he would reduce the award by one-half due to the defendant’s (Dupre) inability to respond in damages. Judgment was rendered in favor of Maryland, as intervenor, in the amount of $22,-105; in favor of Maryland, as subrogee of plaintiff and as third party plaintiff, in the amount of $25,000; and in favor of Aetna, as subrogee of plaintiff and as third party plaintiff, in the amount of $5,000.
On appeal, defendants assign only two errors allegedly committed by the trial court: 1) allowing Aetna and Maryland to recover any amount based on subrogation; and 2) failing to consider the inability of Dupre to respond in damages as a mitigating circumstance in assessing quantum.
First, defendants contend that the Louisiana Supreme Court in Niemann v. Travelers Insurance Co., 368 So.2d 1003 (La.1979), held that the law does not provide the UM carrier a right of subrogation.
We agree that Niemann held, that the UM statute (LSA-R.S. 22:1406) does not grant the UM insurer a right to subro-gation, but rather affords only certain reimbursement rights. In the instant case, however, the claimed rights of subrogation are not based on the UM statute as in Niemann. Rather, the UM carriers assert conventional subrogation, as contemplated in LSA — C.C. arts. 2159 et seq.,[2] resulting from receipts, releases and agreements executed by plaintiff as part of the aforementioned compromises. Niemann is therefore clearly distinguishable.
We know of nothing to prevent the plaintiff from granting conventional subrogation to anyone, including the UM carriers in this instance. Defendants’ first contention is without merit.
Next, Dupre maintains that the trial judge failed to consider her inability to respond in damages. She cites Tarver v. U-Haul Co., Inc., 362 So.2d 1157 (La.App. 2nd Cir. 1978) in support of her contention that the trial court’s award should be substantially reduced.
The inability of a defendant to respond in damages has been held to be a proper subject of consideration in assessing quantum. Tarver v. U-Haul Co., Inc., 362 So.2d 1157 (La.App. 2nd Cir. 1978); Barnett v. Vanney, 360 So.2d 617 (La.App. 4th Cir. 1978) and cases therein cited. The court *152 stated in Barnett v. Vanney, supra, at page 620:
“The basis for such a ruling is generally concluded to be a matter of fairness so that a defendant, who has limited ability to respond in judgment, would not be confronted with such a large judgment as may destroy him financially.”
Dupre is a twenty-four year old divorced woman with one six-year old child. She is employed by the Post Office, earning approximately $13,000-$14,000 per year. She stated that she owns no property, aside from a 1977 car and a mobile home.
• The trial judge indicated that an award of $104,210 was supported by the record, but that he would reduce the award by one-half due to Dupre’s financial inability to pay.
It is therefore abundantly clear that the trial judge considered Dupre’s financial condition in assessing quantum. This award is well within the discretion of the trial court considering the evidence and the severity of plaintiff’s injury. Coco v. Winston Industries, 341 So.2d 333 (La.1977).
Mitigation of damages due to a defendant’s inability to respond in damages is to be determined by the peculiar facts in each case. In the instant case, we cannot say that the trial judge erred in limiting the reduction of the award to an amount equal to one-half.
For the above reasons, the judgment appealed is affirmed at defendants’ cost.
AFFIRMED.
APPENDIX
LSA-C.C. Art. 2159.
Subrogation to the right of a creditor in favor of a third person who pays him, is either conventional or legal.
LSA-C.C. Art. 2160. The subrogation is conventional:
1. When the creditor, receiving his payment from a third person, subrogates him in his rights, actions, privileges, and mortgages against the debtor; this subro-gation must be expressed and made at the same time as the payment.
2. When the debtor borrows a sum for the purpose of paying his debts, and intending to subrogate the lender in the rights of the creditor. To make this sub-rogation valid, it is necessary that the act of borrowing and the receipt be executed in presence of a notary and two witnesses; that, in the act of borrowing, it be declared that the sum was borrowed to make the payment, and that in the receipt it be declared that the payment has been made with the money furnished for that purpose by the new creditor. That subrogation takes place independently of the will of the creditor.

. Cavalier’s liability was specified in the judgment as, the $5,000 limit of its policy.

. LSA-C.C. Arts. 2159 and 2160 are set forth in an Appendix attached to this opinion.