I í BYRNES, Judge.
The defendant, Brenda Brown, shot the decedent, Brenda Brown Gills, killing her. Plaintiffs, the decedent’s husband and two minor children,[1] sued the defendant and her personal liability insurer, Allstate Insurance Company, for damages. Plaintiffs’ claim against Allstate Insurance Company was dismissed on motion for summary judgment. Plaintiffs and Brenda Brown opposed Allstate’s motion for summary judgment in the trial court. Plaintiffs appeal the dismissal. Brenda Brown did not appeal. We affirm.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180; Schroeder v. Board of Sup’rs of Louisiana State University, 591 *1095 So.2d 342, 345 (La.1991). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is 12entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Carr v. City of New Orleans, 622 So.2d 819, 822 (La.App. 4th Cir.1993). Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La.App. 4th Cir.1993). To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The papers supporting the position for the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion, supra.
 Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits, exhibits, and depositions, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc. 396 So.2d 1268 (La.1981). No summary judgment will be granted even if the trial court has grave doubts regarding a party’s ability to establish disputed facts. Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1st Cir.), writ denied 391 So.2d 460 (La.1980). The fact that a party is unlikely to prevail at a trial on the merits is an insufficient basis for rendering a summary judgment against that party. Chapeuis v. Cassimano, 568 So.2d 606 (La.App. 4th Cir.), writ denied 571 So.2d 629 (La.1990). This is true no matter how small the chances of the party opposing the motion to ultimately prevail appear to be. Dearie v. Ford Motor Co., 583 So.2d 28 (La.App. 5 Cir.), writ denied 588 So.2d 1117 (La.1991). It | gis not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Morris v. Louisiana Coca-Cola Bottling Co., Ltd., 354 So.2d 659 (La.App. 1st Cir.1977). The weighing of conflicting evidence on a material fact has no place in summary judgment procedure. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir.1974), writ denied 302 So.2d 308 (La.1974). Testimony should neither be received nor considered, even with the consent of counsel, to decide a motion for summary judgment. Urban Management Corp. v. Burns, 427 So.2d 1310 (La.App. 2 Cir.1983); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976), writ denied 343 So.2d 1072 (La.1977). Making evaluations of credibility has no place in determining a summary judgment. Dixie Buick, Inc. v. Lockett, 263 So.2d 56 (La.App. 4th Cir.1972). A motion for a summary judgment is not to be used as a substitute for trial on the merits. Oller v. Sharp Elec., Inc., 451 So.2d 1235, 1237 (La.App. 4th Cir.), writ denied 457 So.2d 1194, appeal after remand 514 So.2d 176, writ denied 519 So.2d 117.
Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested facts present no legal issues. Davenport v. Amax Nickel, Inc., 569 So.2d 23, 27 (LaApp. 4th Cir.), writ denied 572 So.2d 68 (La.1991).
The dismissal was based on the following exclusion found in the Allstate policy (emphasis original throughout):
| fosses We Do Not Cover:
1. We do not cover bodily injury or property damage resulting from:
a) an act or omission intended or expected to cause bodily injury or property damage. This exclusion applies even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that intended or expected; or
b) an act or omission committed by an insured person while insane or while lacking the mental capacity to control his or her conduct or while unable to *1096 form any intent to cause bodily injury or property damage. This exclusion applies only if a reasonable person would expect some bodily injury or property damage to result from the act or omission.
2. We do not cover bodily injury or property damage resulting from:
a) a criminal act or omission; or
b) an act or omission which is criminal in nature and committed by an insured person who lacked the mental capacity to appreciate the criminal nature or wrongfulness of the act or omission or to conform his or her conduct to the requirements of the law or to form the necessary intent under the law.
There is no genuine issue of material fact. This Court in the related criminal proceedings, State v. Brown, 93-2805 (La.App. 4 Cir. 11/17/94), 645 So.2d 1282, 1283, in which Brenda Brown pleaded guilty to negligent homicide found that the decedent’s death arose out of the following fact situation:
Defendant stated that on January 3, 1993, she and Brenda Gills, with whom defendant lived, went to a bar to watch a football game. While there they got into an argument. Defendant returned home and sometime later Ms. Gills returned home as well. Defendant went into her bedroom and closed the door. Ms. Gills began beating on the door, managed to get into the room and Isapproached defendant. Defendant stated that she got a gun from underneath the bed and it fired twice. Defendant did not recall pulling the trigger. Ms. Gills was hit in the chest by one of the bullets and died.
Plaintiffs contend that the above quoted exclusions contained in the Allstate policy were limited to intentional criminal acts. Intent is not an element of the crime of negligent homicide. Therefore, plaintiffs argue, Brenda Brown’s conviction of the crime of negligent homicide does not trigger the exclusion. However, the exclusionary language upon which plaintiffs base their argument is not the same as the language found in Brenda Brown’s policy. The language quoted by plaintiffs, and erroneously attributed to the instant Allstate policy, is the exclusionary language that the court analyzed in Young v. Brown, 27-018, p. 3 (La.App. 2 Cir. 6/21/95), 658 So.2d 750, 752, unit den. 95-1811 (La. 10/27/95), 662 So.2d 1:
We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person.
In Young, 658 So.2d at 754, the defendant pulled a gun in the face a perceived threat to his female companion:
Brown fired a shot into the ground in an effort to disperse plaintiff and his companions. Thereafter, Brown stumbled as he approached the group and fell into plaintiff. The gun fired and plaintiff was shot in the stomach. Brown denies any intent to shoot or harm plaintiff. [Emphasis added.]
The Young court found that the firing of the gun was accidental and unintentional and, therefore, constituted only negligence:
Our legislature has defined negligence for the purpose of criminalizing certain conduct. Criminal negligence, like tort negligence (albeit gross), is based upon accidental [6or inadvertent behavior. As in the instant case, the same conduct leading to a claim of criminal negligence is also actionable in tort. And yet, were defendant’s conduct not chargeable as a crime, there would be no exclusion under the policy short of a showing that defendant acted intentionally in shooting plaintiff or that defendant intended to inflict injury. Because the negligence in question led to a criminal charge and conviction, Allstate would deny coverage. Even if criminal charges were not filed by the prosecuting authority, Allstate would claim a right to prove guilt in the civil proceeding.
Modem statutory and regulatory provisions govern most facets of human behavior and social interaction and are so extensive that liability seldom arises apart from some manner of illegal conduct. Sledge v. Continental Cas. Co., 25,770 (La.App. 2 Cir. 06/24/94), 639 So.2d 805; see then-Judge Cardozo in Messersmith v. Ameri *1097 can Fidelity Co., 232 N.Y. 161, 133 N.E. 432 (1921). Indeed, statutes have so covered the field that fault can seldom occur that the conduct involved is not also considered a crime. It is illegal, in some instances, to possess a fire-arm, speed in automobiles, drive under the influence of alcohol, and let your pet outside without a leash. Allstate’s suggested result can hardly have been envisioned by the parties.
The term “criminal acts,” as used in the coverage exclusion is susceptible of more than one meaning. Allstate reads the term to mean any action that results in a criminal charge. An insured, however, could justifiably conclude otherwise. Nestled between exclusions for injuries resulting from intentional [emphasis original] acts and for intentionally [emphasis original] inflicted injuries, a reasonable purchaser could have understood the basis of the exclusion to be intentional misconduct or intentional criminal acts, thereby allowing coverage for damages resulting from criminal negligence. An exclusion for negligent acts, albeit criminally negligent acts, is thus counter-intuitive to the wording of the exclusion and serves to circumvent the veiy purpose for which liability insurance is purchased. Such an exclusion is contrary to Louisiana’s public policy that liability insurance should protect innocent accident victims from losses resulting from the negligent acts of the insured. [Emphasis added.]
17An exclusion of liability insurance coverage for non-intentional, inadvertent acts of criminal negligence violates Louisiana’s public policy established for the protection of innocent accident victims. [Emphasis added.]
The Young court found that the exclusionary provision was ambiguous. The reference to intentionality and criminality being contained in the same sentence, the court found that the sentence could be read as referring only to intentional criminal acts and not acts of negligence that have also been criminalized.
Such ambiguity does not exist in the instant policy. It clearly excludes all criminal acts. To the extent that this exclusion encompasses unintentional acts based on negligence, it violates public policy and will not be enforced by this Court. On the other-hand, the intentional acts exclusion is also unambiguous, does not violate public policy, and will be enforced by this Court. Young, 658 So.2d at 753.
There are no genuine issues of material fact. We will accept the facts as given by Brenda Brown in her deposition. The only other witness to the incident was the decedent. Brenda Brown has filed no affidavits indicating that she would recant any part of her deposition. The plaintiffs have filed no affidavits nor suggested the possibility of the existence of any other evidence to contradict Brenda Brown’s deposition. The only other items to be considered are the insurance policy and the related criminal action of State v. Brown, supra.
From the facts found in State v. Brown coupled with the greater detail contained in Brenda Brown’s deposition it is undisputed that Brenda Brown deliberately drew her gun from under her bed in the midst of an angry confrontation with the decedent. She admitted that her hand was on the trigger. IgShe admitted that she must have pulled the trigger. She said that she did not intend to shoot the decedent, but we know that she fired twice, killing the decedent at close range. State v. Brown, supra. She says that she does not remember how the gun went off, but she does not suggest that she stumbled causing the gun to discharge accidentally as was the case in Young v. Brown, supra.
The question then for this Court to decide is whether given the undisputed facts of this case, was the death of the decedent the result of the intentional act of Brenda Brown.
Brenda Brown’s guilty plea to the charge of negligent homicide creates no inference of intention as intention is not an element of the crime. On the otherhand, it creates no inference of lack of intention. It is not an exoneration from more serious crimes involving intention with which she could have been charged. Merely making the conclusory statement that the shooting of the decedent *1098 was unintentional does not create a genuine issue. No facts or evidence are suggested which, even if accepted as true for purposes of argument, could support a finding that the shooting of the decedent was accidental and/or unintentional.
We find intent under the undisputed facts of this case where the .parties were engaged in an angry confrontation and one party deliberately drew a gun, placed her hand on the trigger, admits she must have pulled the trigger, firing twice killing the other party, and no explanation is offered to suggest how this could have occurred by accident. Barton v. Allstate Ins. Co., 527 So.2d 524 (La.App. 3 Cir.), writ den. 532 So.2d 157 (La. 1988); Tobin v. Williams, 396 So.2d 562 (La.App. 3 Cir.1981); Fleming v. Aetna Cas. & Sur. Co., 461 So.2d 614 ┴9(La.App. 1 Cir.1984), writ den. 464 So.2d 302 (La.1985); Marines v. Hinrichs, 357 So.2d 1358 (La. App. 4 Cir.), writ den. 359 So.2d 1306 (La.1978). Appellants dispute none of Brenda Brown’s deposition testimony, and offer no other evidence of their own.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

BARRY, J., dissents with reasons.
PLOTKIN, J., concurs with reasons.

. Brenda Brown in her deposition questions whether Larry Gills, Jr. is actually the child of the decedent. We do not reach that question.