BARRY, Judge,
dissenting with reasons.
The defendant’s intent is a question of fact which precludes summary judgment.
The defendant stated that she did not intend to pull the trigger, that she didn’t aim the gun, that she was looking at the gun when it fired, and she was “shocked” when the gun discharged. She claims she was not angry, rather the decedent was angry.
The majority relies on several cases which are not on point. Barton v. Allstate Ins. Co., 527 So.2d 524 (La.App. 3 Cir.), writ den. 532 So.2d 157 (La.1988) and Fleming v. Aetna Cas. & Sur. Co., 461 So.2d 614 (La.App. 1 Cir.1984), writ den. 464 So.2d 302 (La.1985) involve an intentional shooting. Marines v. Hinrichs, 357 So.2d 1358 (La.App. 4 Cir.), writ den. 359 So.2d 1306 (La.1978) was a credibility determination between different accounts of the incident. Tobin v. Williams, 396 So.2d 562 (La.App. 3 Cir.1981) was a determination by the fact finder that the shooting was intentional.
The defendant’s intent is a genuine issue of material fact which should not be resolved by summary judgment.